IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,       §
                                §
                Plaintiff,      §
                                §  Criminal No. 3:09-CR-170-D(01)
VS.                             §
                                §
LUCIANO MARTINEZ,               §
                                §
                Defendant.      §

MEMORANDUM OPINION
AND ORDER

Defendant Luciano Martinez ("Martinez") has filed May 10, 2010 motions for discovery and inspection of evidence and for evidence favorable to the defendant.[1]  Plaintiff United States of America (the "government") has responded to the motions.  The court addresses the motions in this memorandum opinion and order.

I

*Motion for Discovery and Inspection of Evidence*

In Martinez's motion for discovery and inspection of evidence, he seeks the production of several categories of information.  In response, the government states that it will comply with its

---

[1]Martinez has also filed a motion *in limine* in which he asks that the government and its witnesses be precluded from mentioning or describing Fed. R. Evid. 404(b) evidence until the court first determines that the evidence is admissible.  The court typically decides motions *in limine* at the pretrial conference.  The government states in its response to the motion that it does not intend to offer Rule 404(b) evidence, that it does not oppose the motion, and that it believes the motion may be unnecessary.  The court will address the motion, if necessary, at the pretrial conference, assuming it is not moot in light of the government's representation that it does not intend to offer Rule 404(b) evidence.

obligations under Fed. R. Crim. P. 16; it has already produced to Martinez's two prior defense attorneys the materials that it believes satisfy the requirements of Rule 16; it does not oppose the motion as it relates to its obligations under Rule 16; and it opposes the motion to the extent it requests materials that exceed the scope of Rule 16. The government states that it invites defense counsel to request any documents that he thinks he might need, and that the government will in effect adhere to an "open file" discovery policy in this case.

A

*Defendant's Written, Recorded, or Oral Statements and Confessions*

Martinez asks the court to compel the government to disclose the following (category numbers shown in parentheses): (1) any and all written or recorded statements made by or purported to have been made by Martinez, within the possession, custody, or control of the government or any agent thereof, including, but not limited to, any and all tape recordings of any conversations to which Martinez was a party, and any and all documents, instruments, or forms of any kind purported to have been signed by Martinez, under Rule 16(a)(1)(B); and (2) any and all oral statements, confessions, or admissions purported to have been made by Martinez, and any summary, report, or transcription of such statements made by a government agent or law enforcement officer, or copy thereof, within the possession, custody, or control of the government or any

- 2 -

agent thereof.   This request includes, but is not limited to, statements made to witnesses other than law enforcement officers or government agents and the precise words attributed to Martinez that caused a government agent to conclude that Martinez was a coconspirator.[2]   Martinez cites Rule 16(a)(1)(A) in support of this request.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery.   To the extent the government has agreed to the production Martinez seeks, the court denies the motion as moot.   Insofar as the government has not agreed to the production requested, the court grants the motion to the extent disclosure is required by a provision of Rule 16, *Brady*, or *Giglio*, and it otherwise denies the motion.

B

*Statements of*
*Alleged Coconspirators*

In category no. 3, Martinez moves under Rule 801(d)(2)(E) and Rule 16(1)(a) for the court to compel the government to produce any and all statements of any codefendants[3] or coconspirators,

---

[2]Martinez actually refers in his motion to the agent's conclusion that Martinez "was a coconspirator with any other Defendant in this cause."  Mot. 2, ¶ 2.  Because Martinez is the sole defendant, the court disregards this portion as surplusage.

[3]Because there are no codefendants, the court is not addressing any component of this motion that pertains to codefendants.  Since category no. 14 relates entirely to codefendants, it is not specifically addressed below.

whether written, oral, or subsequently reduced to writing or summarized in any law enforcement agent's reports or copies thereof, including, but not limited to, any statements that the government alleges are admissible statements of a coconspirator made during the alleged transactions subject of this cause and in furtherance of any alleged conspiracy or agreement.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery. To the extent the government has agreed to the production Martinez seeks, the court denies the motion as moot. Insofar as the government has not agreed to make this production, the court grants the motion to the extent disclosure is required by *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, Rule 16, Rule 26.2, or the Jencks Act, 18 U.S.C. § 3500, and otherwise denies the motion.

The Jencks Act and Rule 16(a)(2) do not provide for pretrial discovery of statements made by prospective witnesses, including coconspirators. *See* Rule 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [the Jencks Act]"); *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988) ("[T]he Jencks Act explicitly provides that statements of witnesses, or prospective witnesses, including coconspirators, are not discoverable until after the witness

- 4 -

testifies[.]"); *id.* (holding that fact that coconspirator's statements are viewed as statements by the defendant under Rule 801(d)(2)(E) does not make them discoverable under Rule 16(a)(1)(A) or (B)). And Rule 26.2 only applies to witnesses who actually testify. See Rule 26.2 (providing that rule applies "[a]fter a witness other than the defendant has testified on direct examination"). Therefore, although the government must comply with the Jencks Act and Rule 26.2 in accordance with their terms, it need not make pretrial disclosures except as required under Rule 16, *Brady*, or *Giglio*.

C

*Defendant's Prior Criminal Record*

In category no. 4, Martinez requests under Rule 16(a)(1)(D) a copy of all of his criminal records.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery. To the extent the government has agreed to the production Martinez seeks, the court denies the motion as moot. Insofar as the government has not agreed to the production requested, the court grants the motion to the extent disclosure is required by a provision of Rule 16, *Brady*, or *Giglio*, and it otherwise denies the motion.

D

*Instruments, Documents, Tangible Objects,*
*Tape Recordings, and Transcripts*

Martinez asks the court under Rule 16(a)(1)(E) to compel the government to disclose the following (category numbers shown in parentheses): (5) any and all instruments, documents, or other tangible objects that were obtained from, are alleged to belong to, or were made of or by Martinez or any unindicted coconspirators or informants; (6) all other instruments, documents, writings, papers, books, tape recordings, transcripts, or other tangible objects that the government plans to offer into evidence in this case or that are material to the preparation of the defense; and (7) any and all books, papers, documents, instruments, tape recordings, transcripts, or other tangible objects on which the government relied in returning the indictment against Martinez.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery.   To the extent the government has agreed to the production Martinez seeks, the court denies the motion as moot.   Insofar as the government has not agreed to the production requested, the court grants the motion to the extent disclosure is required by a provision of Rule 16, *Brady*, or *Giglio*, and it otherwise denies the motion.

E

### Names, Addresses, and Telephone Numbers of Individual Witnesses

In category no. 8, Martinez moves the court to compel the government to disclose all names, addresses, and telephone numbers of individual witnesses whom the government intends to call as witnesses at trial, either in its case-in-chief or as rebuttal witnesses, including any witness who could testify to any extrinsic act, conduct, or offense of Martinez.  In category no. 18, Martinez seeks essentially the same relief: the name and address of each witness who will be called by the government, including any witness who could testify to extrinsic offenses, whether or not resulting in criminal charge or conviction that the government plans to use in rebuttal or to establish motive, system, intent, or identity.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery.  To the extent the government has agreed to the production Martinez seeks, the court denies the motion as moot.

Insofar as the government has not agreed to the production Martinez requests, it must comply with *Brady* and *Giglio*.  Additionally, although Martinez does not explicitly request production of the government's witness list, he essentially seeks its functional equivalent.  The court declines to require the government to provide its witness list except as required by the local criminal rules and the scheduling order entered in this case.

- 7 -

The question whether to grant a defendant's motion to discover the list of the government's witnesses is within the trial court's discretion. *Downing v. United States*, 348 F.2d 594, 599 (5th Cir. 1965). In his motion, Martinez has failed to demonstrate cause for the court to order the government to produce its witness list in advance of the time prescribed by the rules or the court's order, or that disclosure of a witness' address is warranted in this case. The motion is therefore denied to the extent it requests relief that exceeds what the court has granted.

F

*Names and Addresses of Persons Who Have Knowledge*

In category no. 9, Martinez moves the court to compel the government to disclose any and all names and addresses of persons who have knowledge pertaining to this case or who have been interviewed by the government or its agents.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery. To the extent the government has agreed to the production Martinez seeks, the court denies the motion as moot. Insofar as the government has not agreed to the production Martinez requests, it must comply with *Brady* and *Giglio*. The motion is denied to the extent Martinez requests relief that exceeds what the court has granted.

- 8 -

G

*Arrest and Conviction Records*

In category no. 10, Martinez moves the court under Rule 16(a)(1)(C) to compel the government to disclose any and all FBI, State of Texas, and local arrest and conviction records of all persons referred to in category nos. 8 and 9 whom the government plans to call as witnesses or who are listed as possible witnesses in this cause.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery.   To the extent the government has agreed to the production Martinez seeks, the court denies the motion as moot.   Insofar as the government has not agreed to the production Martinez requests, it must comply with *Brady* and *Giglio*. The motion is denied to the extent Martinez requests relief that exceeds what the court has granted.

H

*Written Statements*

In category no. 11, Martinez moves the court under Rule 16(a)(1)(E) to compel the government to disclose written statements of all persons referred to in category nos. 8 and 9 whom the government does not plan to call as witnesses.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery.   To the extent the government has agreed to the production Martinez seeks, the court

denies the motion as moot. Insofar as the government has not agreed to the production Martinez requests, it must comply with *Brady* and *Giglio*. Additionally, although in certain circumstances Rule 16 requires disclosure of written statements of a defendant, it does not require disclosure of statements of prospective government witnesses except as provided in the Jencks Act. *See* Rule 16(a)(2). The motion is denied to the extent Martinez requests relief that exceeds what the court has granted.

I

*Names and Addresses of Government Agents*

In category no. 12, Martinez moves the court to compel the government to disclose the name and address of each government agent, law enforcement agent, or other person who participated in the arrest of Martinez, who was present while Martinez was being questioned or interrogated, and/or made any statements or participated in the search of Martinez's residence and/or vehicle.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery. To the extent the government has agreed to the production Martinez seeks, the court denies the motion as moot. Insofar as the government has not agreed to the production Martinez requests, it must comply with *Brady* and *Giglio*. The motion is denied to the extent Martinez requests relief that exceeds what the court has granted.

J

*Grand Jury Transcripts*

In category no. 13, Martinez moves the court to compel the government to produce the transcript of testimony of any and all persons who testified before the grand jury in this cause, including, but not limited to, the precise nature of any statements attributed to Martinez or any indicted or unindicted coconspirator.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery.  To the extent the government has agreed to the production Martinez seeks, the court denies the motion as moot.  Insofar as the government has not agreed to the production Martinez requests, it must comply with *Brady* and *Giglio*.  And as to any persons who testified before the grand jury and will be called to testify at trial, the government must comply with Rule 26.2 and the Jencks Act.  The motion is denied to the extent Martinez requests relief that exceeds what the court has granted.

K

*Informants*

In category no. 15, Martinez moves the court to compel the government to disclose the name, address, and telephone number of any informant or other person who gave information leading to the investigation of Martinez or that led to the identification of witnesses, evidence, or the arrest of Martinez, or who was present

at, participated in, or was a witness to any transaction that is the subject of the indictment.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery.   To the extent the government has agreed to the production Martinez seeks, the court denies the motion as moot.

It is not clear from the government's response whether there are informants who will be called as trial witnesses.   If there are, the court will apply the balancing test that governs disclosure of an informant's identity.   The public's interest in protecting the free flow of information and the informants' safety and security must be weighed against the defendant's right to prepare a defense.   *Roviaro v. United States,* 353 U.S. 53, 62 (1957).   The privilege against disclosing informants is limited when it is unfair to the defendant.   If information will not reveal the identity of an informant, or the informant's identity is relevant to the defense of the accused, the privilege must give way.   *Id.* at 60-61.

The Fifth Circuit has established a three-prong test to determine the applicability of the informant's privilege.   *See United States v. De Los Santos,* 810 F.2d 1326, 1331 (5th Cir. 1987).   The court must first consider the extent of the informant's involvement in the criminal activity.   *Id.*   If, for example, the informant was an essential participant in the crime and could

provide testimony as to a material issue in the case, disclosure should be compelled.  Second, the court must evaluate the extent to which disclosure is relevant and helpful to the defense of the accused.  "[M]ere conjecture or supposition about the possible relevancy of the informant's testimony" is insufficient to compel disclosure.  *Id.* (*quoting United States v. Gonzales,* 606 F.2d 70, 75 (5th Cir. 1979)).  Last, the court must weigh the government's interest in preserving the informant's anonymity.  The informant's personal safety and future usefulness to authorities are the main criteria that the court must consider. *Id.*

Pursuant to *De Los Santos,* the court will conduct an *in camera* review of a government written submission addressing the three-part test.  The government must either submit in writing that no informant is involved in this case or must disclose *ex parte* to the court a list of any informants and address its reasons for nondisclosure.  The government must comply with this disclosure requirement by the deadline set forth *infra* at § III.  The government is not excused, of course, from complying with its obligations under *Brady* and *Giglio* and with all requirements that apply should an informant be used as a trial witness.

To the extent Martinez seeks relief in category no. 15 that is greater than what the court has granted, his motion is denied.

L

*Handwriting Exemplars, Fingerprints,*
*and other Physical Evidence*

In category no. 16, Martinez moves the court under Rule 16(a)(1)(F) to compel the government to disclose any and all handwriting exemplars, tests, fingerprint impressions, or other physical evidence, or test results, obtained by the government relating to this case, whether they are of Martinez, a coconspirator, a witness, or some other person or persons known or unknown, and all comparisons or written reports of tests, analysis, or other examinations conducted regarding the foregoing by the government or any of its agents or under its direction.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery. To the extent the government has agreed to the production Martinez seeks, the court denies the motion as moot. Insofar as the government has not agreed to the production Martinez requests, it must comply with Rule 16(a)(1)(F), *Brady*, and *Giglio*. The motion is denied to the extent Martinez requests relief that exceeds what the court has granted.

M

*Photographs, Film, Audio Tapes, and Video Tapes*

In category no. 17, Martinez moves the court under Rule 16(a)(1)(B) and provisions of the Constitution to compel the government to disclose any and all photographs, film, audio tapes,

- 14 -

video tapes, and any written transcripts thereof of Martinez or any coconspirator, whether indicted or not, that relate to any of the offenses charged in the indictment.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery.   To the extent the government has agreed to the production Martinez seeks, the court denies the motion as moot.   Insofar as the government has not agreed to the production Martinez requests, it must comply with any applicable part of Rule 16, *Brady*, and *Giglio*.   The motion is denied to the extent Martinez requests relief that exceeds what the court has granted.

N

*Overt or Extrinsic Acts*

In category no. 19, Martinez moves the court under Rule 404(b) to compel the government to disclose a list of all overt or extrinsic acts not alleged in the indictment that the government expects to introduce into evidence.   In category no. 20, Martinez moves the court under Rule 404(b) to compel the government to produce a description in writing of each extrinsic offense, act, or conduct of the defendant or any coconspirator, including the date and place of such offense, act, or conduct, which the government intends to introduce into evidence.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery.   Additionally, as noted

*supra* at note 1, the government states that it does not intend to offer Rule 404(b) evidence.   To the extent the government has agreed to the production Martinez seeks, the court denies the motion as moot.   Insofar as the government has not agreed to the production Martinez requests, it must disclose Rule 404(b) evidence no later than the deadline set forth *infra* at § III.   It must also comply with *Brady* and *Giglio*.

Although the government does not address this possibility in its response, Martinez's request for "[a] list of all overt acts . . . not alleged in the indictment which the Government expects to introduce into evidence" can be read to seek a bill of particulars. The purpose of a bill of particulars is to provide the defendant with sufficient notice of a charge so that he may prepare an adequate defense, to minimize surprise at trial, and to enable the defendant to plead double jeopardy in the event of a subsequent prosecution.   *See United States v. Carlock*, 806 F.2d 535, 550 (5th Cir. 1986); *United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973).   A bill of particulars cannot be used, however, to obtain a detailed disclosure of the government's evidence prior to trial. *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (citing *Perez*, 489 F.2d at 70-71).   The decision to grant a bill of particulars is entrusted to the court's discretion.   *Carlock*, 802 F.2d at 550.   The test for whether a bill of particulars is necessary is whether the indictment sets forth the elements of the

offense charged and sufficiently apprises the defendant of the charges against him to enable him to prepare for trial. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981); *see United States v. Gorel*, 622 F.2d 100, 104 (5th Cir. 1979). Moreover, even if the indictment does not furnish sufficient information to enable the defendant to prepare a defense and to avoid surprise at trial, where the government has provided the necessary information in another satisfactory form, such as through discovery, a bill of particulars is unnecessary. *See United States v. Kirkham*, 129 Fed. Appx. 61, 72 (5th Cir. 2005) (finding that the "voluminous discovery" provided by the government "obviated the need for a bill of particulars"). Because Martinez has not made the required showing, the court denies category no. 19 of his motion to the extent it can be read to request that the court order the government to file a bill of particulars.

O

*Exculpatory Materials*

In category nos. 21 and 22, Martinez essentially makes a request for disclosure of *Brady* and *Giglio* materials. In category no. 21, he moves the court to compel the government to disclose any and all materials known to the government, or that may become known or that through due diligence may be learned from the investigating officers or the witnesses or persons having personal knowledge of this case, that are exculpatory in nature or favorable to Martinez,

- 17 -

or that may lead to exculpatory or favorable material or that might serve to mitigate punishment, including any evidence impeaching or contradicting testimony of government witnesses or instructions to government witnesses not to speak with or discuss facts of this case with defense counsel.  In category no. 22, he moves the court to compel the government to disclose the substance of any and all statements and discussions had with any coconspirator, whether indicted or unindicted, or with any such person's counsel indicating a promise or a suggestion of immunity, leniency, compensation, assurance not to prosecute, agreement to proceed only on certain counts of the indictment, representation as to yet uncharged misconduct, or any benefit accruing to such individuals whatsoever in exchange for their cooperation, assistance, or testimony at trial.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery.  To the extent the government has agreed to comply with its obligations under *Brady* and *Giglio*, the court denies the motion as moot.  To the extent the motion requests disclosures that exceed the government's obligations under *Brady* or *Giglio*, the motion is denied.

P

*Search and Arrest Warrants*

In category no. 23, Martinez moves the court under Rule 16(a)(1)(E) to compel the government to disclose all search and arrest warrants and supporting affidavits issued for or regarding Martinez in this case and in regard to any evidence or property seized or searched during the investigation that gave rise to the indictment.

The government has explicitly agreed in response to Martinez's motion to provide "open file" discovery. To the extent the government has agreed to the production Martinez seeks, the court denies the motion as moot. Insofar as the government has not agreed to the production Martinez requests, it must comply with any applicable part of Rule 16, *Brady*, and *Giglio*. The motion is denied to the extent Martinez requests relief that exceeds what the court has granted.

II

*Motion for Evidence Favorable to the Defendant*

Martinez moves for disclosure of evidence that would be exculpatory. Specifically, he requests disclosure of 15 categories of evidence, facts, and information. The government responds that it understands its continuing obligations under *Brady* and *Giglio* and will comply with these obligations.

To the extent the government has agreed to comply with its

obligations under *Brady* and *Giglio*, the court denies the motion as moot.  Insofar as the motion requests disclosures that exceed the government's obligations under *Brady* or *Giglio*, the motion is denied.

### III

Except to the extent the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than June 7, 2010 at noon with its disclosure and discovery obligations imposed by this order and by the government's agreement to produce what Martinez has requested.  Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which Martinez will begin his cross-examination of a witness.

**SO ORDERED**

May 21, 2010.

<br>

SIDNEY A. FITZWATER
CHIEF JUDGE